# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a Stone & Company, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> METAL PARTNERS REBAR, LLC, Metal Partners International, <br><br> Defendant. | Case No. 16 C 8285 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Wendell H. Stone Company, Inc. (Stone) filed a class action complaint, alleging that Metal Partners Rebar, LLC (Metal Partners) sent unsolicited fax advertisements in violation of the Junk Fax Prevention Act (JFPA). Before Stone filed for class certification, Metal Partners moved to deposit funds with the Court that it claimed would fully satisfy Stone's individual claims. Metal Partners requested that the Court enter judgment in favor of Stone in the amount of the deposit, and it argued that this would render moot both the individual and class claims.

For the reasons stated below, the Court holds that a defendant's deposit of funds cannot render moot a plaintiff's individual or class claims. The Court grants Metal Partners' motion to deposit funds but denies its request to enter judgment and concludes that Stone's individual and class claims are not moot.

## Background

Stone is a corporation whose principal place of business is Connellsville, Pennsylvania. Metal Partners is a small steel corporation headquartered in Illinois and run by Frank Bergren. Stone alleges that Metal Partners sent unsolicited fax advertisements to Stone and many others. Specifically, Stone alleges that it received at least one fax promoting Metal Partners' services and steel products. Stone asserts that it had no prior relationship with Metal Partners and that it never gave Metal Partners permission to send these faxes. Stone also alleges that any faxes omitted the proper opt-out notice required by 47 C.F.R. § 64.1200. Stone further alleges that Metal Partners sent the same fax to more than forty other recipients. Stone filed its complaint on behalf of itself and all others similarly situated. Stone seeks statutory damages, to be trebled if the facts show that Metal Partners acted willfully; injunctive and declaratory relief; pre-judgment interest; and attorneys' fees and costs.

On September 16, 2016, Metal Partners filed a motion to deposit with the Court funds in the amount of $30,500. Metal Partners further requests—if the Court permits the deposit—an entry of judgment in favor of Stone for the same amount or a briefing schedule for parties to argue the consequences of the deposit. Def.'s Mot. to Deposit Funds at 4. In its motion, Metal Partners alleges that on that same date, it also made an offer of judgment to Stone under Federal Rule of Civil Procedure 68 in the amount of $30,500 plus accrued costs. Metal Partners describes this as "more than Stone could hope to recover in this action since it reflects the maximum statutory damages of $1,500 for each violation and assumes that [ ] a single fax could constitute multiple violations of the TCPA." Def.'s Mot. to Deposit Funds at 1.

On September 23, Stone filed what it called a "placeholder" motion for class certification. In its motion, Stone asks the Court to enter and continue the motion for class certification until after discovery, at which time Stone will submit a more detailed memorandum. The Court has not yet ruled on this motion.

### Discussion

The primary question before the Court is essentially whether Metal Partners' deposit of funds would render moot both Stone's individual claims and its attempt to pursue a class action. This stems from the heavily-litigated question of whether a defendant's offer of full relief under Rule 68 moots a plaintiff's individual or class claims. In 2015, the Seventh Circuit ruled that an offer on its own does not render a plaintiff's claims moot. *See Chapman v. First Index, Inc.* 796 F.3d 783, 786 (7th Cir. 2015). In January 2016, the Supreme Court confirmed this holding in *Campbell-Ewald v. Gomez*, 136 S. Ct. 663 (2016). *See id.* at 670. In doing so, however, the Court expressly declined to address whether its ruling would be different had the defendant deposited the full amount owed to the plaintiff and the lower court entered judgment for the plaintiff. *Id.* at 672. The Seventh Circuit has not yet addressed this question, though other appellate and district courts have. This Court now holds that Metal Partners cannot render moot either Stone's individual or class claims by its motion to deposit funds.

### I. Rule 67

Under Federal Rule of Civil Procedure 67, a party—by leave of court—may deposit with the court all or part of a monetary judgment sought as relief. Fed. R. Civ. P. 67(a). There is little Seventh Circuit case law regarding this rule. Other circuits have

3

indicated that the purpose of Rule 67 is to relieve a party who holds a contested fund from responsibility for disbursement of that fund. *See, e.g.*, *Alstom Caribe, Inc. v. George P. Reintjes Co.*, 484 F.3d 106, 113 (1st Cir. 2007). District courts have discretion in determining whether to employ Rule 67. *See id.* at 114; *Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1300 (11th Cir. 2014); *LTV Corp. v. Gulf States Steel, Inc. of Ala.*, 969 F.2d 1050, 1063 (D.C. Cir. 1992); *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990).

Metal Partners' requested deposit is permissible under Rule 67. Stone has requested statutory damages as part of its relief, and Metal Partners seeks to deposit "all or part of the money." *See* Fed. R. Civ. P. 67(a). Stone argues that the Court should refuse the deposit because permitting it would be contrary to the purposes of Rule 67 and would threaten to overburden the Clerk of the Court. First, Stone suggests that a Rule 67 deposit can be used only to relieve Metal Partners of the burden of administering an asset. Pl.'s Resp. at 7. This is unpersuasive. Nothing in the language of the rule indicates that it is limited in this way, and Metal Partners' request falls within the language of the rule. Stone's argument that permitting this deposit will overburden the Clerk of Court is likewise unconvincing. As Stone agrees, this motion requires a single deposit of a specific amount, hardly a burden to the Clerk. Pl.'s Resp. at 6. Stone's unsupported suggestion that allowing the deposit would "lead to similar deposits in nearly every consumer class action," Pl.'s Resp. at 6–7, is not grounds for denying a deposit otherwise appropriate under Rule 67. The Court therefore grants permission for Metal Partners to deposit $30,500 with the Court, to be distributed to Stone if the Court grants judgment in its favor. For the reasons discussed below, however, this deposit

4

will not render moot either Stone's individual claims or those of the putative class.

## II. Mootness

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const., Art. III, § 2. This limitation requires that "[i]f an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald*, 136 S. Ct. at 669 (internal quotation marks omitted). The case is not moot, however, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation." *Id*; *see also Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) ("A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit.").

Metal Partners contends that its act of depositing $30,500 with the Court, combined with an entry of judgment in Stone's favor, would render Stone's claim moot, as it would give Stone all of its requested relief. Def.'s Reply at 5. The Supreme Court has not addressed whether a deposit made under Rule 67 can have this effect on a plaintiff's claims. Instead, the Court has addressed only whether an unaccepted offer of judgment made under Rule 68 requires a finding of mootness. Under Rule 68, a defendant "may serve on an opposing party an offer to allow judgment on specified terms." Fed. R. Civ. P. 68(a). Citing Justice Kagan's dissenting opinion in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013), the Supreme Court held in *Campbell-Ewald* that an unaccepted offer under Rule 68 does not render a plaintiff's claims moot. *See Campbell-Ewald*, 136 S. Ct. at 670. The Court indicated that "[a]n

5

unaccepted settlement offer . . . is a legal nullity, with no operative effect. . . . So assuming the case was live before—because the plaintiff had a stake and the court could grant relief—the litigation carries on, unmooted." *Id* (quoting *Genesis Healthcare*, 133 S. Ct. at 1533 (Kagan, J., dissenting)). The Court declined to decide, however, "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an accountant payable to the plaintiff, and the court enters judgment for the plaintiff in that amount." *Id*. The Court did not elaborate on this statement. The Seventh Circuit has not yet discussed *Campbell-Ewald*, or the hypothetical that the Supreme Court posed. This Court therefore looks to pre-*Campbell-Ewald* precedent in the Seventh Circuit to determine how that court might rule in this circumstance.

### A. Individual claim

Metal Partners cannot render Stone's individual claim moot merely by filing a motion to deposit funds. Even if Metal Partners completes the deposit, the Court finds no basis to determine that the individual claim is moot.

#### 1. The motion itself

The mere filing of a motion to deposit funds does not render a plaintiff's claims moot, for the same reason that an unaccepted offer under Rule 68 does not do so. In *Chapman*, the Seventh Circuit held that an offer under Rule 68 cannot possibly render a case moot, because otherwise the adjudicating court would lose control over the case before the court could enter a decree. *Chapman*, 796 F.3d at 786–87. If submitting an offer immediately rendered a case moot, the court would have no authority to enter a decree, enforce the offer, or ensure that the plaintiff receives the relief provided for in

the offer. Therefore a plaintiff's claim cannot be rendered moot—based on the premise that he has received full relief—before the Court actually exercises its authority to grant the relief.

Applying this logic to the present case, Metal Partners' filing of its motion to deposit funds cannot possibly render the case moot. If it did, the Court would lose power over the dispute before Metal Partners deposited the funds or the Court distributed them to Stone. Therefore the only possible time at which Stone's claims could become moot would be after Metal Partners has made the deposit <u>and</u> the Court has entered judgment in Stone's favor. This is supported by implication in *Campbell-Ewald*, in which the Court indicated it need not "decide whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim . . . *and the court then enters judgment for the plaintiff in that amount*." *Campbell-Ewald*, 136 S. Ct. at 672 (emphasis added). It is only both of these actions, together, that conceivably might result in Stone's claims becoming moot. The Ninth Circuit has drawn a similar conclusion, holding that an individual claim becomes moot only "when a plaintiff *actually receives* all of the relief he or she could receive on the claim." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1144 (9th Cir. 2016) (interpreting *Campbell-Ewald*).

### 2. Actual deposit and entry of judgment

The Court further concludes that Metal Partners cannot use a motion to deposit funds to render Stone's claims moot, and the Court will not enter judgment in Stone's favor. First, it is inconsistent to say that the Court can render Stone's claims moot by accepting the deposit and granting judgment on those claims in Stone's favor. While it is true that this Court's judgment would end the live controversy, it does so by

7

adjudicating the dispute, not by making it moot.

Second, permitting Metal Partners to make Stone's individual claim moot in this manner would undermine the purposes of the class action device. The Seventh Circuit has stated that "[s]ettlement proposals designed to decapitate the class upset the incentive structure of the litigation by separating the representative's interests from those of other class members." *Chapman*, 796 F.3d at 787. Metal Partners' motion to deposit funds is designed to do just that. By separating Stone's interests from those of other potential class members, Metal Partners attempts to defeat a potential class action by satisfying only Stone's individual claim. In this way, Metal Partners might perpetually evade a class action by making a similar motion for every representative plaintiff that comes forward. *Chapman* suggests that courts should not authorize this sort of tactical maneuver.

The Supreme Court's endorsement in *Campbell-Ewald* of Justice Kagan's dissent in *Genesis Healthcare* further supports this position, as Justice Kagan expressly contemplated this scenario. Justice Kagan introduced a hypothetical in which the defendant offered to pay the plaintiff the full value of her claim, the plaintiff refused, and the defendant went on to ask the court to enter judgment in the plaintiff's favor. *Genesis Healthcare*, 133 S. Ct. at 1535. Justice Kagan concluded that "it would be impermissible" in this situation for a court to "approve that motion and then declare the case over on the ground that [the plaintiff] has no further stake in it." *Id.* Justice Kagan noted first that Rule 68 precludes a court from imposing judgment for a plaintiff based on an unaccepted settlement offer. *Id.* at 1536. Rather, Rule 68 provides for entry of judgment only when a plaintiff has accepted the offer. *See* Fed. R. Civ. P. 68(a).

8

Justice Kagan next conceded that a court has discretion to enter judgment for the plaintiff when the defendant "unconditionally surrenders and only the plaintiff's obstinacy or madness prevents her from accepting total victory." *Genesis Healthcare*, 133 S. Ct. at 1536. But she indicated that a judgment satisfying an individual claim does not give a plaintiff who is pursuing a class claim "all that she has requested in the complaint." *Id.* Further, as other circuits have noted, "[a] named plaintiff exhibits neither obstinacy nor madness by declining an offer of judgment on individual claims in order to pursue relief on behalf of members of a class." *See, e.g.*, *Chen*, 819 F.3d at 1147. Justice Kagan emphasized that entering judgment over a plaintiff's objection would inappropriately "short-circuit a collective action before it could begin." *Genesis Healthcare*, 133 S. Ct. at 1536.

What's more, the Supreme Court has expressly stated that the very purpose of Rule 68—authorizing offers, not deposits—is to encourage settlement and avoid litigation. *See Marek v. Chesny*, 473 U.S. 1, 5 (1985). And yet an offer made under that rule is *still* not enough to moot a plaintiff's claims. It is highly improbable that the Supreme Court would enable a defendant to use Rule 67, a different rule with a different purpose, to render moot claims that cannot be rendered moot by an unaccepted offer under Rule 68.

Even without all of this, it is unlikely that the Seventh Circuit would permit a Rule 67 deposit to render a case moot. The Seventh Circuit indicated in *Chapman* that "[e]ven a defendant's proof that the plaintiff has *accepted* full compensation . . . is an affirmative defense rather than a jurisdictional bar." *Chapman*, 796 F.3d at 787. Thus a defendant should not be able to create a jurisdictional bar to plaintiff's claims by

9

imposing a judgment on plaintiff through a motion to deposit funds.

Finally, the Seventh Circuit has indicated that there are other appropriate mechanisms to police plaintiffs who reject a fully compensatory offer. *See id.* (discussing cost-shifting and using an offer of complete relief as an affirmative defense in the context of Rule 68). Courts can likewise use these tools to deal with a plaintiff who opposes a motion to deposit funds that would fully satisfy his claim.

### B. Class claims

Because this Court finds that Stone's individual claim would not be rendered moot by Metal Partners' deposit of funds, the class claims likewise would remain active. The Supreme Court has expressly held that "a would-be class representative with a live claim of her own must be accorded a fair opportunity to show that certification is warranted." *Campbell-Ewald*, 136 S. Ct. at 672. As discussed above, Stone's claim remains live, and Stone has made clear its intent to pursue class certification. Stone filed its complaint as a class complaint on behalf of itself and others similarly situated. It also filed a motion for class certification. In its motion, Stone requests that the Court continue the motion until after the completion of discovery, so that it can more adequately advance its argument for class certification. Pl.'s Placeholder Mot. for and Mem. in Support of Class Certification at 1. The Court has not ruled on this motion, and Stone has not been given the opportunity to pursue discovery. Therefore Stone has not received a fair opportunity to pursue class certification, and its class claims cannot be rendered moot.

Other circuits have also held that class claims cannot be rendered moot by first making the individual claims moot. In *Chen*, the Ninth Circuit held that even if the

10

district court were to enter judgment on the plaintiff's individual claims before class certification, the plaintiff would still be entitled to seek class certification. *Chen*, 819 F.3d at 1142. In doing so, the court emphasized its distaste for defendants "'picking off' lead plaintiffs to avoid a class action." *Id.* at 1142–43. The Ninth Circuit indicated that, when a defendant attempts this, a plaintiff's individual claims should not be rendered moot in order to give him "a fair opportunity to move for class certification." *Id.* at 1147. The Third Circuit likewise disapproves of this tactic, going so far as to hold that a class action that was not certified before an plaintiff's individual claims became moot can proceed despite confirming that the plaintiff's claims were in fact moot. *Richardson v. Bledsoe*, 829 F.3d 273, 279–86 (3d Cir. 2016). The message from these courts is clear: plaintiffs pursuing class claims will not find those claims undermined by the defendant's attempt to pick them off. Though the Seventh Circuit has not yet adopted a similar approach, it has recognized the problem with permitting offers of full relief to named plaintiffs in class actions. *See Wrightsell v. Cook Cty.*, 599 F.3d 781, 783 (7th Cir. 2010) ("It has even been questioned whether Rule 68 offers should be permitted in class action cases, because they provide a means by which a defendant can pick off successive class representatives by offering more than the maximum value of the class representative's personal claim.").

Metal Partners argues, in effect, that Stone filed for class certification too late and cannot survive mootness by acting after Metal Partners filed its motion to deposit. It is true that the Seventh Circuit held, in 2011, that "a plaintiff cannot avoid mootness by moving for class certification after receiving an offer of full relief." *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir. 2011). But in *Chapman*, the Seventh Circuit

expressly overruled *Damasco*. *Chapman*, 796 F.3d at 787. In reply, Metal Partners argues that *Chapman* overruled only the portion of *Damasco* that held that an offer moots a case and otherwise left *Damasco* intact. Def.'s Reply at 3–4. Even if this were true, Stone's class action claims would survive under the logic used in *Damasco*. In *Damasco*, the court held that an offer under Rule 68 renders moot a plaintiff's individual claims and that a motion to certify that comes after this offer does not keep the class claims alive. The conclusion is therefore that a plaintiff cannot survive a mootness challenge to his class claims by filing for class certification after his individual claim becomes moot. But as discussed above, mootness of an individual claim in the context of a deposit under Rule 67 can occurs, if ever, only after the deposit has been made <u>and</u> the court has entered judgment. Therefore Stone would be unable to avoid mootness of its class claims by moving for class certification after these events have taken place. But this is not what has happened here: Stone moved for class certification before the Court granted Metal Partners permission to deposit funds and before any entry of judgment. Thus Stone filed its motion for class certification before the individual claims could have been moot, and any subsequent deposit would not moot the class claims, even under *Damasco*.

### III.     Complete relief

The Court also notes that even if it were to rule that a defendant's deposit of funds could render a plaintiff's claims moot, Metal Partners' proposed deposit would not do so here. Before deciding *Chapman*, the Seventh Circuit indicated that the defendant's tender of the requested relief can moot a case only "when it makes the plaintiff whole." *Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010); *see also*

12

*Holstein*, 29 F.3d at 1147 ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate."). Metal Partners' motion proposes a deposit of $30,500, claiming this represents "more than Stone could hope to recover in this action." Def.'s Mot. to Deposit Funds at 1. In explaining how it arrived at this number, Metal Partners says that it conducted an investigation and found nine potential faxes sent from its fax number to the fax number that Stone has provided. *See* Def.'s Reply at 2 & Exh. A (Bergren Decl.) at ¶ 5. Based on this, Metal Partners concluded that a realistic estimate of Stone's statutory damages would be $13,500 and therefore offered $30,500 to provide a significant cushion. Def.'s Reply at 3. But the parties dispute the number of unauthorized faxes. Stone's complaint does not allege a particular number of faxes; instead, Stone claims that the number of faxes Metal Partners sent is "unknown at this time." Pl.'s Resp. at 4. Metal Partners has provided no evidence in support of its estimate other than Frank Bergren's general assertion, and Stone has indicated that discovery is needed to determine whether $30,500 provides complete relief, Pl.'s Resp. at 4–5. Because the Court cannot determine definitely whether this offer would provide complete relief on Stone's individual claim Metal Partners' deposit of $30,500 cannot render moot either Stone's individual claim or his class claims.

## Conclusion

For the foregoing reasons, the Court grants Metal Partners' motion to deposit funds but denies its request to enter judgment in favor of Stone [dkt. no. 8]. The case

remains set for a status hearing on December 6, 2016 at 9:15 a.m.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 5, 2016